IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                    ORDER

                Plaintiff,

                                                  10-cv-91-bbc
                                                  08-cr-38-bbc

     v.

MARCUS KILGORE,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Marcus Kilgore has filed a timely motion for post conviction relief under 28 U.S.C. § 2255, contending that he was denied constitutionally effective representation by his counsel, Richard Jacobson, who allegedly coerced defendant into entering a plea of guilty, failed to investigate defendant's mental health problems and, over defendant's objection, waived a hearing on defendant's motion to suppress evidence. I conclude that none of these alleged deficiencies in his representation entitle defendant to reversal of his conviction and sentence.

RECORD FACTS

On March 12, 2008, defendant was charged in a one-count indictment with unlawfully possessing a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  He entered a guilty plea to the indictment on June 12, 2008, under a written plea agreement.  On July 17, 2008, before the presentence report had been filed, defendant moved to withdraw his guilty plea, contending that he was legally innocent of the charge against him because his possession of the firearm was justified.  Sentencing was continued to allow the government to respond to defendant's motion.  The government filed a response and defendant's counsel, Richard Jacobson, filed a reply in which he argued that defendant's plea was involuntary.

A hearing on the motion to withdraw was scheduled, but before it could be held, Jacobson moved to withdraw from his representation of defendant.  The motion was granted and Ron Benavides was appointed on October 7, 2008, to take Jacobson's place.  Benavides asked to renew defendant's motion to withdraw his guilty plea.  The request was granted. In support of the motion, defendant argued that he was legally innocent of the charge because he "possessed" the firearm only because he had taken it from his brother after his brother had shot himself with it by mistake.  Defendant argued also that he had entered the plea only because he was nervous and confused by his counsel's telling him that he could not expect to get a fair trial in Dane County as a black man.  On December 17, 2008, I denied

the motion to withdraw, holding that the decision to plead guilty rather than go to trial on a justification defense was an objectively reasonable one and that defendant could not withdraw his plea on the ground of legal innocence. I set a hearing for January 2, 2009, to consider evidence relating to defendant's contention that he had entered a plea of guilty only because his attorney had overborne his will.

Before the hearing could be held, defendant withdrew his claim of involuntariness as a ground for withdrawal of his guilty plea. The government agreed to modify the terms of the plea agreement to allow defendant to reserve his right to appeal the decision on his request to present a justification defense.

Defendant was sentenced on January 9, 2009, to 92 months in prison, which was at the bottom of his guideline range of 92-115 months. He filed a timely notice of appeal, arguing that he was justified in possessing the firearm for the short time after his brother has shot himself with it. The Court of Appeals for the Seventh Circuit affirmed this court's decision denying defendant's claim of legal innocence, finding that "he had possession of a loaded gun for more than an hour, failed to exhaust all legal avenues open to him and carried the gun outside the apartment." United States v. Kilgore, 591 F.3d 890, 896 (7th Cir. 2010).

OPINION

The first issue that defendant raises is whether he is entitled to a hearing on his claim that his retained counsel, Richard Jacobson, coerced defendant into entering a plea of guilty. Defendant acknowledges that the law requires him to file a detailed and specific affidavit in support of his claim, Gallo-Vasquez v. United States, 402 F.3d 793, 800 (7th Cir. 2005). He maintains that he has complied with this requirement by filing a copy of the motion to withdraw his plea, written by Jacobson, together with the brief in support of the motion, also written by Jacobson.

Defendant's argument is flawed in a number of respects. The detailed and specific support that he says is provided by Jacobson's filings is no such thing. The brief sets out Jacobson's beliefs and impressions of defendant's state of mind, but these do not amount to facts. Jacobson cannot testify about defendant's state of mind. Only defendant can do that, but he has not submitted an affidavit about what his state of mind was either when he entered his plea or at any other time. Jacobson's brief does not put into dispute defendant's statements made on the record in open court that he understood the charge against him, that no one had made any promises to him other than those incorporated into the written plea agreement and that no one had forced him into pleading guilty.

In the end, however, the lack of an adequate affidavit is irrelevant because defendant abandoned his motion to withdraw his plea of guilty on the ground of involuntariness in

4

open court on December 31, 2008. Having done so, and having given up his opportunity for an evidentiary hearing on the motion, he cannot now argue that Jacobson failed to give him an effective representation.

Next, defendant asserts that Jacobson failed to investigate his mental health problems. This assertion fails for two reasons: defendant has not shown that such an investigation would have been helpful to him and Jacobson stopped representing him in early October. As defendant acknowledges, the law requires a defendant to do more than simply say that his counsel failed to investigate; he must identify specific evidence that such an investigation would have produced. Because it is defendant's burden to make such a showing, the Court of Appeals for the Seventh Circuit has held that before the district court is required to hold an evidentiary hearing on any post conviction issue, the defendant must file a detailed and specific affidavit showing that he has actual proof to support his allegations. Galbraith v. United States, 313 F.3d 1001, 1009 (7th Cir. 2002) (citing United States v. Prewitt, 83 F.3d 812, 820 (7th Cir. 1996)). When it comes to an allegation of an inept or incomplete investigation, a petitioner must provide the court "'sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced.'" Hardamon v. United States, 319 F.3d 943, 951(quoting United States ex rel. Simmons v. Gramley, 915 F.2d 1129, 1133 (7th Cir. 1990)).

Even if Jacobson was asked to investigate and refused, he stopped representing

5

defendant in early October. If defendant continued to believe that investigation of his mental health problems would be helpful, he could have asked his new counsel, Benavides, to undertake one. He has not alleged that he ever made such a request of Benavides.

Defendant's last claim is that he was denied effective assistance of counsel because Jacobson waived a hearing on defendant's motion to suppress evidence. This barebones assertion does not require any extended discussion. Defendant has not identified what evidence he was seeking to suppress, what grounds he had for prevailing on a suppression motion or how he was prejudiced by the denial of the motion. And again, if his new counsel had believed that a motion to suppress was warranted, he could have moved for leave of court to file one, just as he moved successfully for leave to renew the motion to withdraw defendant's guilty plea.

In summary, defendant has shown no reason why his motion for post conviction relief should be granted.

ORDER

IT IS ORDERED that defendant Marcus Kilgore's motion for post conviction relief is DENIED. I decline to issue a certificate of appealability because reasonable jurists would not debate the correctness of the ruling in this case. Slack v. McDaniel, 529 U.S. 473, 484 (2000). If he wishes, petitioner may ask a circuit judge to issue the certificate under Fed. R.

6

App. P. 22(b).

    Entered this 17th day of May, 2010.

                                   BY THE COURT:
                                   /s/
                                   BARBARA B. CRABB
                                   District Judge