IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                   OPINION AND ORDER

              Plaintiff,

                                                                     10-cv-91-bbc
                                                                     08-cr-38-bbc

     v.

MARCUS KILGORE,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Marcus Kilgore has moved for reconsideration of the order denying his motion for post conviction relief under 28 U.S.C. § 2255, arguing that the court erred in its order. Because the motion for reconsideration was filed within 28 days of entry of judgment, I will consider it as a motion for alteration or amendment of the judgment under Fed. R. Civ. P. 59(e).

      In his motion for post conviction relief, defendant contended that his retained counsel had been ineffective in three respects; (1) coercing defendant into entering a plea of guilty; (2) failing to investigate defendant's mental health problems; and (3) waiving a hearing on defendant's motion to suppress evidence. In the order denying the motion, I held

1

that defendant had not shown any evidence of constitutional ineffectiveness. Defendant moves for reconsideration of only one of the grounds he asserted: that his counsel coerced him into pleading guilty.

I denied defendant's post conviction motion on this ground because I found that defendant's reliance on his counsel's affidavit, dkt. ## 84-2 & 84-3, was insufficient to show his own state of mind. It is true, as defendant says, that I disregarded his own allegations in his memorandum in support of his motion, overlooking the fact that defendant had sworn under oath that each statement in his memorandum was true and correct. Defendant stated in the memorandum that his counsel had told him that no jury would acquit him because he was a black man and that because of this statement and his counsel's hostility to him, he was too mentally and emotionally distraught to enter a voluntary plea. This oversight does not change the outcome of his motion.

Although defendant averred in his memorandum that he would have gone to trial but for his counsel's bad advice, he did not make any kind of a showing to support his averment. It is clear that he did not think he should be held guilty for possessing a gun in the circumstances in which he found himself. It is a different matter entirely whether he would have actually gone to trial but for his counsel's bad advice and hostility toward him.

To establish prejudice under the two-prong showing of constitutional ineffectiveness of counsel established in Strickland v. Washington, 466 U.S. 668 (1984), "the defendant

2

must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Wyatt v. United States, 574 F.3d 455, 458 (7th Cir. 2009) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)). A "mere allegation that he would have chosen a path other than the [one he took] is insufficient by itself to establish prejudice." Id. (citing Bethel v. United States, 458 F.3d 711, 718 (7th Cir. 2006)). Defendant has sworn that he would have gone to trial, but he does not give any reason why he would have made the decision under the circumstances. He has not shown that his counsel's advice and attitude caused him prejudice within the meaning of Strickland.

Even if I were to accept as true defendant's allegation that he would have gone to trial had he had better advice, defendant confronts a second hurdle. He represented to the court at his plea hearing that he had not been threatened or forced to plead guilty. Statements made in open court are considered to be truthful and more credible than later statements to the contrary. United States v. Martinez, 169 F.3d 1049, 1054 (7th Cir. 1999) ("Because of the great weight we place on these in-court statements, we credit them over [a defendant's] later claims [that he would not have pleaded guilty.]").

Finally and most important, as I explained to defendant in the order denying his post conviction motion, after new counsel was appointed to represent him and after a hearing had been convened to hear his motion to withdraw his plea on the ground that it was involuntary, defendant abandoned the motion in open court, case no. 08-cr-38-bbc, dkt.

3

#89, and chose to change his plea to a conditional one that would allow him the opportunity to appeal the issue of his actual innocence.

In summary, I am not persuaded that defendant is entitled to alteration or amendment of the judgment entered on May 18, 2010, denying his motion for post conviction relief. He has not shown that he has a viable claim of ineffectiveness of counsel.

ORDER

IT IS ORDERED that defendant Marcus Kilgore's motion for alteration or amendment of the judgment entered on May 18, 2010 is DENIED.

Entered this 7th day of June, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4